VICENTA SANTIAGO DE MARTÍNEZ, Plaintiff and Appellant, *v.* THE GREAT AMERICAN INSURANCE CO. OF NEW YORK, Defendant and Appellee.

No. 7133. Argued November 4, 1937.—Decided November 18, 1937.

*F. Colón Díaz* for appellant. *J. Valldejuli Rodríguez* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff claims the sum of $1,000, the amount of a fire insurance policy issued by the defendant covering a Day-Elder truck weighing three tons, which was destroyed by fire on September 27, 1930, and in addition legal interest, costs, expenses, and attorney's fees.

The defendant admitted the issuance of the policy, denied the other essential facts of the complaint, and set up the following special defenses:

"*First:* That, although the fire alleged in the complaint did occur in the place and on the date and hour mentioned in the complaint, the same took place through the orders, will, and volition of the plaintiff, who by means of her agents and employees, acted in such a way that if the fire did occur as alleged in the complaint, it was voluntarily caused by the plaintiff.

"*Second:* That in view of the way in which the fire alleged in the complaint happened, it is not covered by the policy mentioned in the complaint, nor by any other contract of insurance.

"*Third:* That the complaint in this case does not state facts sufficient to constitute a cause of action, this allegation being based on Section 105 of the Code of Civil Procedure of Puerto Rico.

"*Fourth:* That if the accident did occur, it was not due to an act of God but rather to the wilful agents who illegaly executed such acts for the purpose of taking advantage of any claim they might have."

The lower court rendered judgment for defendant with costs on the plaintiff. And in its statement of the case and opinion, after a careful analysis of the evidence, it held as satisfactorily proven that "the fire which destroyed the truck insured by the defendant, and which gave origin to this action was not due to an act of God not to chance, but rather to wilful agents who illegaly executed such act for the purpose of taking advantage of any claim they might have."

In her brief the appellant assigns as the only error the following:

"The District Court of the Judicial District of Ponce, Puerto Rico, committed a mainfest error in weighing the evidence in this case."

We have carefully studied the transcript of the evidence and we are of opinion that the district court was perfectly justified in weighing the evidence as it did. In our judgment there is no manifest error in the weighing of the evidence. And as it is not claimed that the trial court acted moved by bias, prejudice, or partiality, the judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.